OPINION
{¶ 1} Patricia J. Schraff ("appellant"), the successor trustee of the testamentary trust of Winona D. Hamm ("Trust"), appeals from the judgment of the Geauga County Court of Common Pleas, Probate Division, awarding her $70,000 in attorney fees and $6,600 in costs. We affirm.
 {¶ 2} In In re The Testamentary Trust of Hamm, 11th Dist. No. 2003-G-2532, 2004-Ohio-6348, we reversed the judgment of the Geauga County Court of Common Pleas, Probate Division, which had awarded appellant $56,600 in attorney fees and costs. We remanded the matter to the probate court, finding, "* * * the trial court abused its discretion when it awarded attorney fees without setting forth the factors it considered in reaching its judgment, and without setting forth the weight given each factor, i.e., without setting forth the reasons supporting its judgment." Id. at ¶ 24.
 {¶ 3} On remand, the trial court held a hearing and took evidence. Appellant sought approval of ordinary and extraordinary fees. Specifically, appellant sought fees of $38,289.50 and costs of $5,706.52 incurred by appellant while employed with the firm of Petersen Ibold, and $57,084 in fees and costs of $900.49 incurred by appellant while employed by Schraff King Co., L.P.A. Thus, appellant sought a total fee award of $95,373.50 and costs of $6,607.01. Subsequently, the probate court entered a judgment setting forth the factors it considered in reaching its judgment and the reasons supporting the judgment. The court awarded appellant $70,000 in attorney fees and $6,600 in costs.
 {¶ 4} Appellant appeals the probate court's judgment and asserts one assignment of error: "The trial court erred to the prejudice of the appellant by reducing her fees for services rendered."
 {¶ 5} We review a trial court's judgment awarding attorney fees only for an abuse of discretion. In re Guardianship ofRider (1990), 68 Ohio App.3d 709, 712, citing In re Jaymes
(App. 1935), 18 Ohio Law Abs. 613. "`Abuse of discretion connotes more than an error of law; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.'" Id., quotingWorthington v. Worthington (1986), 21 Ohio St.3d 73.
 {¶ 6} Sup.R. 71 provides that "[a]ttorney fees in all matters shall be governed by DR 2-106 of the Code of Professional Responsibility." Sup.R. 71(A). DR 2-106(B) provides in relevant part:
 {¶ 7} "Factors to be considered as guides in determining the reasonableness of a fee include the following:
 {¶ 8} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 9} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 10} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 11} "(4) The amount involved and the results obtained.
 {¶ 12} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 13} "(6) The nature and length of the professional relationship with the client.
 {¶ 14} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 15} "(8) Whether the fee is fixed or contingent."
 {¶ 16} Also, Sup.R. 71(H) provides that "[t]here shall be no minimum or maximum fees that automatically will be approved by the court."
 {¶ 17} Loc.R. 11.1(A) of the Geauga County Court of Common Pleas, Probate Division provides, "The allowance of counsel fees for the administration of * * * a trust * * * shall be based upon the actual services performed by the attorney, and the reasonable value of services." Loc.R. 11.1(D) provides in relevant part, "Any application for fees that appears to be excessive to the Court, and which has not been agreed to by all parties shall be set for hearing."
 {¶ 18} In the instant case, the probate court approved appellant's hourly rate and recognized that appellant was "highly experienced in the area of probate law." The court also found this case involved extensive time, precluded appellant from accepting other employment, and presented novel and difficult questions of law. However, the trial court concluded the fees should be reduced because of adverse rulings appellant received from this court in In re The Testamentary Trust of Hamm
(November 28, 1997), 11th Dist. No. 96-G-2023, 1997 Ohio App. LEXIS 5329, and In re The Testamentary Trust of Hamm (1997),124 Ohio App.3d 683.[1] The probate court concluded most of the novel and difficult issues as well as the bulk of the legal fees resulted from these adverse rulings.
 {¶ 19} Appellant contends the probate court abused its discretion when it reduced her fees because she did not anticipate a ruling that would require her to establish negligence in a surcharge action. As we noted above, to reverse a judgment for an abuse of discretion, we must find the trial court's judgment was unreasonable, arbitrary, or unconscionable. Thus, it is not enough that we disagree with the trial court's judgment, as we are not permitted to substitute our judgment for that of the trial court.
 {¶ 20} In the instant case, the trial court expressly set forth its reasons for reducing the fees (although appellant still received 73% of the fees she requested.) The trial court's judgment is not unreasonable, arbitrary, or unconscionable. Therefore, appellant's sole assignment of error is without merit, and the judgment of the Geauga County Court of Common Pleas, Probate Division, is affirmed.
O'Neill, J., Grendell, J., concur.
[1] In those cases, we reversed the trial court's judgments in appellant's surcharge actions because appellant failed to present evidence to establish a prior trustee was negligent. See, Hamm,
at 1997 Ohio App. LEXIS 5329, at 20; Hamm,124 Ohio App.3d at 693.