SHERMAN et al., Appellants and Cross–Appellees,

v.

FIFTH THIRD BANK, Appellee and Cross–Appellant; Clarke, Appellee.

[Cite as *Sherman v. Fifth Third Bank* (1993), 93 Ohio App.3d 63.]

Court of Appeals of Ohio,
Montgomery County.

No. 13895.

Decided Sept. 30, 1993.

*Bieser, Greer & Landis* and *David C. Greer,* for appellants and cross-appellees.

*Graydon, Head & Ritchey* and *John B. Pinney,* for appellee and cross-appellant Fifth Third Bank.

*Taft, Stettinius & Hollister* and *L. Clifford Craig,* for appellee Helen Margaret Hook Clarke.

WILSON, Judge.

The plaintiffs-appellants, Charles F. Sherman and William P. Sherman, began these proceedings by filing a complaint against defendant-appellee Fifth Third Bank. The prayer of the complaint was for injunctive relief enjoining the bank, as trustee, from exercising its right of cumulative voting to elect persons to the Board of Directors of the Standard Register Company ("Standard Register") who are not "independent business persons."

The litigation focused on the meaning of the words "independent business persons," which had been used in a 1981 Settlement Agreement.

On October 17, 1991, the trial court determined that the words "independent business persons" meant more than merely independent of corporate management, and permanently enjoined the bank "from exercising its voting power to elected persons to the Standard Register Board of Directors who are not independent of Fifth Third, the Shermans, the Clarkes, or any successors as trustee or trust beneficiaries."

A more detailed history of these proceedings can be found in 93 Ohio App.3d 57, 637 N.E.2d 929. In that opinion, we agreed with the trial court's determination of the meaning of the words "independent business persons." We also held that the bank's voting restrictions shall only apply if necessary to ensure that Standard Register's board contain a number of independent persons equal to the number of directors the bank could elect by cumulative voting. We then sustained the bank's assignment of error which provided:

"The trial court erred in entering a permanent injunction which forever enjoins the trustee from exercising its voting power to elect persons to the Standard Register Board of Directors who are not independent of Fifth Third, the Shermans, the Clarkes, or any successors as trustee or trust beneficiaries."

We think that it is reasonably clear from our prior opinion that we found the injunction of the trial court to be overly broad.

In hindsight, we should have either entered a new, more limited order or reversed and remanded for further proceedings consistent with our opinion.

Unfortunately, we used the following nebulous language:

"We reverse and remand for further proceedings on the assumption that the appellants will pursue the claims for declaratory relief."

On remand, the plaintiffs moved to cite the bank for contempt for its failure to comply with the injunction, and the defendants' declaratory judgment claims were dismissed.

On January 13, 1993, the trial court filed a decision and entry finding that our opinion and order only remanded for the determination of the declaratory judgment claims, and that with the dismissal of those claims the trial court no longer had jurisdiction.

The Shermans have appealed from the order of January 13, 1993, raising two assignments of error:

"The trial court erred to the prejudice of these plaintiffs in holding that the prior ruling of the court of appeals stripped the plaintiffs of any injunctive relief and that the defendants' voluntary dismissals of their counterclaims and cross-claims divested the trial court of any jurisdiction over the parties.

"The trial court erred to the prejudice of these plaintiffs in refusing to consider the plaintiffs' motion for an order requiring the defendant Fifth Third Bank to show cause why it should not be cited for contempt as a result of its conduct on April 15, 1992."

There is also a cross-appellant assignment of error:

"The trial court erred in its judgment entry of January 13, 1993 in failing to award defendant-appellee and cross-appellant the Fifth Third Bank its attorneys' fees and costs in bringing its motion to strike plaintiffs' motion for order to show cause."

We see no abuse of discretion in the trial court's failure to award attorney fees. The cross-appellant's assignment of error is overruled.

The plaintiffs-appellants' two assignments of error raise the basic issue of whether our prior opinion and remand deprived the trial court of further jurisdiction on appellants' claims.

We regret the use of the confusing language quoted above. However, we think the intent of our prior opinion was reasonably clear: to remand for further proceedings on the complaint and the counterclaim.

Appellants' first assignment of error is sustained. We reverse and remand this cause for further proceedings consistent with this opinion and with our opinion of

February 24, 1992, with the last sentence of that opinion modified to omit the words following the word "proceedings."

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., concurs.

FAIN, J., concurs and writes separately.

RICHARD K. WILSON, J., retired, of the Second Appellate District, sitting by assignment.

FAIN, Judge, concurring.

I concur in both the opinion and judgment of this court, but write separately merely to clarify my view of our holding.

In the first appeal in this case, we held that the injunction issued was too broad when it required Fifth Third Bank ("Fifth Third") to exercise its cumulative voting power to elect as members of the Board of Directors of the Standard Register Company only persons who are "independent business persons" in all situations. We concluded that Fifth Third should only be required to do so to the extent necessary to ensure that a number of "independent business persons" would sit on the Standard Register Company ("Standard Register") board at least equal in number to the number of seats on the board within the control of Fifth Third's cumulative voting power. In other words, to the extent that a number of "independent business persons" might already be sitting on the board, or might otherwise be assured of election to the board, Fifth Third would only be required to use its cumulative voting power to add to that number a number of "independent business persons" sufficient to make the total number at least equal to the number of seats within Fifth Third's cumulative voting power.

For example, assume that Fifth Third's cumulative voting power will enable it to elect five members to Standard Register's board. Assume further that two members of the board are already assured of being "independent business persons." Under these circumstances, Fifth Third would only be required to cause the election of three "independent business persons" to the board, leaving Fifth Third free to exercise the balance of its voting power in any manner that it may see fit, using the prudent business judgment required of a trustee.[1]

I agree that it is unfortunate that this court did not more clearly formulate its judgment entry in the original appeal. Nevertheless, it is clear that we reversed

---

1. The example used above is purely for illustrative purposes. The writer has no present idea of what would constitute a plausible scenario given existing circumstances.

the injunction originally entered because it was too broadly drawn, not because the plaintiffs were entitled to no injunctive relief at all. Consequently, when the trial court's judgment was reversed, and this cause was remanded for further proceedings, the plaintiffs' original complaint was again before the trial court, and the mandate of this court, although inartfully expressed, was to fashion a more limited form of injunctive relief in accordance with the opinion of this court. It was therefore error for the trial court to have dismissed the plaintiffs' complaint.

My understanding of the present mandate of this court is for the trial court to fashion appropriate injunctive relief in accordance with the opinion of this court.