[Cite as *Robinson v. Spurlock*, 2012-Ohio-1510.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

JAMES LEE ROBINSON, et al.,        :

    Plaintiffs-                :    Case No.   11CA4
    Appellants/Cross-Appellees,

                               :

    v.

                               :    DECISION AND JUDGMENT ENTRY

BOB SPURLOCK, et al.,

                        :

    Defendants-
    Appellees/Cross-Appellants.    :

_____

APPEARANCES:

COUNSEL FOR APPELLANT,        B. Scott Jones and Brian Sullivan,
TECHNOLOGY INSURANCE GROUP:    Reminger Co., L.P.A., One Riverfront Plaza, 401
                                    West Main Street, Ste. 710, Louisville, Kentucky,
                                    40202

COUNSEL FOR CROSS-APPELLANT,    Mark S. Maddox, Frost, Maddox &
BOB SPURLOCK:                 Norman Co., L.P.A., 987 South High Street,
                                    Columbus, Ohio 43206

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-29-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Jackson County Common Pleas Court judgment. A jury found in favor of Bob Spurlock, defendant below and cross-appellant herein, on subrogated claims brought against him by Technology Insurance Group (TIG), plaintiff below and appellant herein. TIG assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
DENYING PLAINTIFFS-APPELLANTS' MOTIONS FOR
JOINDER OR, IN THE ALTERNATIVE, MOTIONS TO
AMEND THE RE-FILED COMPLAINT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN
INSTRUCTING THE JURY WITH INTERROGATORY #1."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
PROHIBITING PLAINTIFFS-APPELLANTS FROM
INTRODUCING EVIDENCE THAT SPURLOCK FERTILIZER
WAS AN UNREGISTERED TRADE NAME."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
DENYING PLAINTIFFS-APPELLANTS MOTION FOR NEW
TRIAL."

Cross-Appellant assigns the following cross-assignments of error:

FIRST CROSS-ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT OVERRULED BOB
SPURLOCK'S MOTION FOR SUMMARY JUDGMENT."

SECOND CROSS-ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT OVERRULED BOB

SPURLOCK'S MOTION FOR DIRECTED VERDICT."

{¶ 2}   James Robinson and Agnes Robinson are residents of the Commonwealth of

Kentucky.   On August 16, 2006, James Robinson, employed by Caudill Seed, a Kentucky

company, delivered supplies from his employer to a business owned by Bob Spurlock and his son

Tyson Spurlock, in Jackson County, Ohio.   When Robinson arrived at the business, Tyson

Spurlock used a skid loader to remove the supplies from Caudill's truck.   The pallets on the truck were

**{¶ 3}**   very heavy and the skid loader began to tip forward.   Robinson and another man then climbed onto the back of the skid loader to act as a counter weight.   Eventually, the skid loader fell onto Robinson's feet and caused him injury.

**{¶ 4}**   On April 11, 2007, the Robinsons filed suit against "Bob Spurlock, d/b/a Spurlock Fertilizer" and an unknown employee of that unincorporated business.   TIG filed its own complaint in that case on March 14, 2008, but on December 31, 2008 filed a Civ.R. 41(A) voluntary dismissal.[1]

**{¶ 5}**   The Robinsons and TIG re-commenced the action on April 6, 2009 against "Bob Spurlock, d/b/a Spurlock Fertilizer," an unknown employee of Spurlock Fertilizer and "Unknown Owners of Spurlock Fertilizer."   The gist of the complaint's allegations were that one or more of the Spurlock defendants negligently instructed him to stand on the skid loader to act as a counterweight and led to his injuries.   The Robinsons sought damages in excess of $25,000. TIG alleged that it paid compensation and medical benefits to Robinson and was thus subrogated to his interests and sought compensatory damages exceeding $268,000.   Spurlock denied liability.

**{¶ 6}**   On May 22, 2009, TIG filed a motion to join, as a new party defendant, "Spurlock's Ag-Lime Fertilizer, LLC."   Alternatively, TIG asked that it be permitted to amend

---

[1] It is unclear from the record in this case whether the Robinsons also dismissed their claims against Spurlock in that case.

its refiled complaint to name the correct defendant. Spurlock's memorandum contra argued that the statute of limitations to bring an action against the LLC had already expired. Furthermore, Spurlock submitted exhibits to show that Robinson and TIG knew of the existence of the LLC long before the original action was dismissed in 2008. The trial court subsequently denied the motion. The court cited TIG's knowledge of the LLC before the statute of limitations had expired, and noted that an "unknown" business defendant was never joined as a party, and reasoned that neither Civ.R. 15 nor Civ.R. 19 would permit the LLC to be made a party defendant. When the same motion was renewed at trial, the court emphasized that TIG sought "to add a party" rather than amend the complaint.

{¶ 7} Cross-appellants ultimately settled with the Robinsons and the matter proceeded to a jury trial on TIG's subrogated claims over several days in December 2010. A good portion of the evidence dealt with how Spurlock held itself out to the public – either as an LLC or as "Spurlock Fertilizer," an unincorporated business under which Bob Spurlock did business. As to the issue of liability, Tyson Spurlock denied that he told Robinson to stand on the back of the skid loader as a counterweight. Indeed, Spurlock testified that he actually ordered Robinson off the skid loader when he noticed that Robinson had climbed on.

{¶ 8} Robinson, however, testified that Spurlock told him to stand on back of the loader to counter the weight of the pallets in the truck. That said, Robinson conceded that he had been told in the past to never ride these machines in that manner and that he saw the decals on this particular machine that warned against such riders. Robinson also admitted that he did not believe that the skid loader could handle the weight of the load. In retrospect, Robinson admitted, "[i]t probably wasn't the smartest thing I done."

{¶ 9}   The case was given to the jury, along with several interrogatories.   The first interrogatory asked if, on the day of the accident, Bob Spurlock was doing business as Spurlock Fertilizer rather than as a member of an LLC.   The trial court instructed the jury that if they answered that question in the negative, they must sign a general verdict form for the Spurlocks.   Subsequently, the jury did not make such a finding and the trial court entered judgment on that verdict on January 3, 2011.

{¶ 10}  Eight days later, TIG filed a Civ.R. 59(A) motion for new trial.   A portion of the arguments repeated earlier request(s) to add "Spurlock's Ag-Lime Fertilizer, LLC" as a defendant, or to amend its complaint to add the correct party defendant.   TIG also made an additional argument that it could recover against the LLC operating under a fictitious name.   The trial court denied the motion.   This appeal and cross-appeal followed.

I

{¶ 11}  Before we address appellant's assignments of error on their merits, we must first resolve a threshold jurisdictional issue.   Cross-appellant argues that we do not possess jurisdiction to review appellant's assignments of error because he did not file a notice of appeal from the March 30, 2011 entry that denied his motion for new trial.   We disagree.

{¶ 12}  We recognize that appellant did not file a Notice of Appeal from the entry that denied his motion for new trial.   Rather, appellant filed a notice of appeal from the trial court's January 3, 2011 judgment.   A motion for new trial tolls time under App.R. 4.   Tate v. Adena Regional Med. Ctr., 155 Ohio App.3d 524, 801 N.E.2d 930, 2003-Ohio-7042, at ¶14.   Consequently, until a pending Civ.R. 59(A) motion is resolved, no appealable order exists.   Id.; also see Geauga Sav. Bank v. Rivera, Geauga App. No. 2011–G–3011, 2011-Ohio-3755, at

¶¶4&9; <u>Wells Fargo Financial Leasing Inc. v. Gilliland</u>, Scioto App. Nos. 05CA2993 & 05CA3006, 2006-Ohio-2756, at ¶24.

{¶ 13} Appellant's motion for new trial rendered his January 28, 2011 Notice of Appeal premature. A premature Notice of appeal is treated as being filed immediately after a final appealable order. App.R. 4(C). In this case, that order was the entry that denied the motion for new trial. No need existed to file an additional notice of appeal after that entry. For these reasons, we thus conclude we possess jurisdiction to consider this appeal.

II

{¶ 14} In its first assignment of error, TIG asserts that the trial court erred by denying its 2009 motion to bring the LLC into the action as a party defendant.

{¶ 15} We begin our analysis with the recognition that Robinson sustained his injuries on August 16, 2006. Thus, any claim that he may have against the tortfeasor must have been commenced within two years of that date. R.C. 2305.10. The same statute of limitations applies to TIG for any subrogated claim. <u>United States Fidelity & Guaranty Co. v. Buckeye Union Ins. Co.</u> (Sep. 30, 1986) Lucas App. No. L-85- 377; also see <u>Ohio Bur. of Workers' Comp. v. McKinley</u>, ___Ohio St.3d ___, ___N.E.2d ___, 2011-Ohio-4432, at ¶16 (applying principle to statutory subrogee under R.C. 4123.931).

{¶ 16} Here, the statute of limitations expired on August 16, 2008. TIG filed its complaint in the original case on March 14, 2008, well within the limitations time period. Although TIG voluntarily dismissed that claim in December 2008, it nevertheless had one year to re-file its action. See R.C. 2305.19(A). TIG commenced the instant action on April 6, 2009 and was within the prescribed time-frame.

{¶ 17} Civ.R. 15(C) states in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

{¶ 18} A Civ.R. 15(C) amendment relates back not just to the re-filed complaint, but also the complaint in the previous action. Milos v. Doe, 192 Ohio App.3d 751, 950 N.E.2d 592, 2011-Ohio-849, at ¶¶8-11; Bykova v. Szucs, Cuyahoga App. No. 87629, 2006-Ohio- 6424 at ¶4; also see generally Fink, Greenbaum & Wilson, Guide to the Ohio Rules of Civil Procedure (2001 Ed.) 15-8 to 15-9, Sec. 15-5. We conclude that the rule's requirements were satisfied in this matter.

{¶ 19} Several pleadings from the original case were included as exhibits in this case and make clear that Bob Spurlock was served in the original action. The evidence also indicates that he and his son are the owners of the LLC and, thus, it appears that Tyson Spurlock would have had knowledge of the action. The Spurlocks should also have known that, but for a mistake in

the pleadings, the personal injury claim would have been brought against the LLC rather than against Bob Spurlock, personally.   Finally, we fail to see how amending the complaint a year before trial could prejudice the Spurlocks or the LLC.

{¶ 20}  We also conclude that the amendment would not have added a new party.   See Estate of Finley v. Cleveland Metroparks, 189 Ohio App.3d 139, 937 N.E.2d 645, 2010-Ohio-4013, at ¶18.   A new defendant adds a new claim.   In the case sub judice, however, the claim remained the same.   The only change is that the claim would be asserted against the LLC rather than Spurlock, personally, "d/b/a Spurlock Fertilizer."

{¶ 21}  Indeed, the facts in the case sub judice are similar to Milos in which a lawsuit named "Nationwide Insurance Company."   "Nationwide Mutual Insurance Company" filed an answer and stating that it had been improperly designated in the complaint.   Later, the complaint was voluntary dismissed, but refiled within the R.C. 2305.19 one year period.   The re-filed complaint bore the same incorrect party name.   Plaintiff later filed an amended complaint with the correct name, but the trial court dismissed the case reasoning that it was not commenced against the correct defendant within the time limit under the statute of limitations. 2011-Ohio-849, at ¶¶2-6.   In reversing the trial court, the Eighth District held:

"It was apparent from the complaint who the intended defendant was, because it identified Nationwide's business address and a Nationwide policy was attached to the complaint. Nationwide received timely service of the complaint, was on notice of the claim, and was not prejudiced in defending the case on the merits. Under these circumstances, the correction of the inadvertent misnomer of the defendant relates back to the original complaint in the initial action and is not affected by an intervening statute of limitations. (Citations omitted.) Id. at ¶11.

{¶ 22}  We believe that the same circumstances exist here.   The Spurlocks were on notice of the claim (against Bob Spurlock) who received timely service of the complaint.   Also, no prejudice would

arise by substituting the LLC as the correct owner of the business where TIG's insured sustained his injury.

**{¶ 23}** We readily acknowledge that the decision whether to allow a Civ.R. 15(C) amendment is committed to the trial court's discretion and will not be reversed absent an abuse of that discretion. See Estate of Finley, supra at ¶16; Roche v. On Time Delivery Servs., Inc., Cuyahoga App. No. No. 94036, 2010-Ohio-2358, at ¶27. An abuse of discretion is generally more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. Furthermore, when applying the abuse of discretion standard, reviewing courts may not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254.

**{¶ 24}** In the case sub judice, we believe that we must heed the Ohio Supreme Court's admonition that when possible cases should be decided on the merits, rather than pleading technicalities. See State ex rel. Montgomery v. R & D Chem. Co. (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821; Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951; Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175, 297 N.E.2d 113. Because the LLC was not a party to the action, the jury did not have the opportunity to consider the LLC's liability for TIG's insured's injuries.

**{¶ 25}** For these reasons, TIG's first assignment of error is hereby sustained.[2]

---

[2] We hasten to add that we are not completely unsympathetic to the trial court's frustration with TIG. Cross-appellant submitted ample evidence to show, as the trial court aptly noted, that TIG was aware of the existence of the LLC

III

{¶ 26} Because our ruling on the TIG's first assignment of error requires a reversal of the trial court's judgment, TIG's three remaining assignments of error have been rendered moot. See App.R. 12(A)(1)(c).

IV

{¶ 27} We now proceed to consider the cross-assignments of error.[3]

V

{¶ 28} In the first cross-assignment of error, cross-appellant argues that the trial court erred by overruling his motion for summary judgment. The motion argued that the only person with whom Robinson had contact on the day of the accident was Tyson Spurlock, that Tyson Spurlock was not joined as a party to the case and, therefore, Bob Spurlock could not be held vicariously liable. The trial court overruled the motion without comment on the substantive issues and cross-appellant argues this constitutes error.

{¶ 29} To begin, cross-appellant's motion was premised, in part, on the pleading and joinder problems that we discussed in our resolution of appellant's first assignment of error.

---

before the original case was dismissed. TIG could have laid these issues to rest simply by amending the complaint in the original action to include the LLC or, at the least, made the LLC a party defendant to the re-filed complaint.

[3] Cross-appellant's brief sets forth two separate assignments of error, the brief contains only one argument. App.R. 16(A)(7) requires a brief to contain an argument "with respect to each assignment of error." (Emphasis added.) Although appellate courts have the option to address two or more assignments of error at once, the parties do not. See Powell v. Vallandingham, Washington App. No. 10CA24, 2011-Ohio-3208, at ¶24; Keffer v. Cent. Mut. Ins. Co., Vinton App. No. 06CA652, 2007—Ohio—3984, at ¶8, fn. 2. App.R. 12(A)(2) would permit us to simply disregard these cross-assignments of error because they are not separately argued. However, we will, in the interest of justice, consider the cross-assignments of error on their merits.

Amending the complaint to substitute the LLC for Bob Spurlock (individually) would have helped to alleviate the issues cited in the motion for summary judgment. That aside, we also agree that the trial court correctly decided the motion on its merits. Appellate courts review summary judgments de novo. Sutton Funding, L.L.C. v. Herres, 188 Ohio App.3d 686, 936 N.E.2d 574, 2010-Ohio-3645, at ¶59; Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167. In other words, appellate courts afford no deference whatsoever to trial court decisions, Sampson v. Cuyahoga Metro. Hous. Auth., 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; Kalan v. Fox, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13; Hicks v. Leffler (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777. Rather, appellate courts conduct their own, independent review to determine if summary judgment is appropriate. Woods v. Dutta (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18, abrogated on other grounds by Marshall v. Ortega, 87 Ohio St.3d 522, 721 N.E.2d 1033, 200-Ohio-481; McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 30} Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party. See Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 927 N.E.2d 1066, 2010-Ohio-1027 at ¶103; Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N .E.2d 1197. The moving party bears the initial burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662

N.E.2d 264; <u>Mitseff v. Wheeler</u> (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. If that burden

is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See

<u>Trout v. Parker</u> (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; <u>Campco Distributors, Inc.</u>

<u>v.. Fries</u> (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661. With these principles in mind, we

turn our attention to the case at bar.

{¶ 31} Cross-appellant's motion for summary judgment includes Bob Spurlock's affidavit

wherein he attested that he and his son, Tyson, operated the fertilizer business as partners and

then formed the LLC in 2005. Although the affidavit fails to explicitly state that Tyson

Spurlock was not employed by the LLC, of which he was a part owner, this affidavit is sufficient

to, at a minimum, carry the burden of showing that the business is an LLC rather than an

independent proprietorship. The burden then shifted to TIG which submitted, in rebuttal, an

affidavit from Robinson who attested that the business was advertised as "Spurlock Fertilizer"

without any indication that it is an LLC. Although the affidavit fails to mention that the

business was held out as a sole proprietorship and operated by Bob Spurlock, we agree that this

is sufficient to raise a genuine issue of material fact as to corporate form. Whether the business

was, in fact, operated as a limited liability company, or, instead, as a sole proprietorship, this is

an issue that the jury must determine.

{¶ 32} Cross-appellant also contends that the defendants are entitled to judgment in their

favor as a matter of law because Tyson Spurlock was not joined as a party defendant.

Cross-appellant cites <u>Comer v. Risko</u>, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, for

the proposition that a principal (a hospital) cannot be found liable under the doctrine of agency

by estoppel when its agents (physicians working as independent contractors) were not joined in

the action and could not be joined after the statute of limitations had expired.   Id. at ¶¶3, 5, 25 &

29.   Here, reliance on Comer is misplaced.

{¶ 33}  In Harris v. Mt. Sinai Med. Ctr., 116 Ohio St.3d 139, 876 N.E.2d 1201,

2007-Ohio-5587, the Ohio Supreme Court declined to apply Comer to bar recovery when the

complaint alleged that negligence of nurses (employees) who, apparently, were not named as

parties to the action. Id. at ¶¶3, 44-45.[4]   Our Third District colleagues have also held that Comer

did not bar holding a principal liable for an employee's tort because the principle of respondeat

superior is different than the doctrine of agency by estoppel asserted in Comer.   See Holland v.

Bob Evans Farms, Inc., Shelby App. 17-07-12, 2008-Ohio-1487, at ¶¶10-11.   In Holland, as in

the case sub judice, an "unknown employee" was joined as a defendant.[5]   If the trier of fact

concluded that the business operated as a sole proprietorship, rather than an LLC, this would

have been enough to impose liability on Spurlock, vicariously, through his son as an employee.

{¶ 34}  For these reasons, we find no error in the court's ruling that Spurlock is not

entitled to judgment in his favor as a matter of law.   Thus, we hereby overrule Spurlock's first

cross-assignment of error.

VI

{¶ 35}  Cross-appellant asserts in his final cross-assignment of error that the trial court

erred by denying motions for a directed verdict made both at the conclusion of TIG's case and at

---

[4]  The court of appeals opinion, makes no mention of the nurses (employees) being named as party defendants to the action. See McLeod v. Mt. Sinai Med. Ctr., 166 Ohio App.3d 647, 852 N.E.2d 1235, 2006-Ohio-2206, at ¶3.

[5]  We parenthetically note that the complaint named "unknown owners of Spurlock Fertilizer" which is also sufficient to bring Tyson Spurlock into the action (although TIG should have amended the complaint to name that other owner pursuant to Civ.R. 15(D)).

the conclusion of his own case.   Cross-appellant argues that these motions "reiterat[ed] the arguments set forth in his Motion for Summary Judgment."

{¶ 36} In considering a motion for directed verdict, a court must construe all the evidence mostly strongly in favor of the non-moving party. Civ.R. 50(A)(4).   A directed verdict should be granted when, after so construing that evidence, a court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to the non-moving party. Id.   Appellate courts review de novo trial court directed verdict decisions. Mitchell v. Thompson, Gallia App. No. 06CA8, 2007-Ohio-5362, at ¶18.

{¶ 37} Robinson and his wife both testified that the business was held out to be a sole proprietorship (Spurlock's Fertilizer), rather than an LLC or other corporate form.   In fact, this is the question that the jury was asked to resolve in the first interrogatory.   Although the jury rejected Robinsons' testimony, and apparently accepted that of the Spurlocks, the fact remains that the evidence adduced at trial is sufficient to get the matter to the jury.

{¶ 38} We again note that much of the confusion surrounding this issue would not have occurred if TIG was permitted to amend the complaint to change the name of the company from "Bob Spurlock, d/b/a Spurlock Fertilizer" to the name of the LLC.   Both the motion for summary judgment and the two motions for directed verdict were premised, in one way or another, on the failure to include the correct party as a defendant.   Having ruled that it constitutes error to deny TIG's motion to amend the complaint to include that party, these pleading technicalities have now been largely rendered superfluous.   The second cross-assignment of error is thus overruled for these reasons.

{¶ 39} Having sustained TIG's first assignment of error, we hereby reverse the judgment

on the jury verdict and remand this case for further proceedings.   The trial court is directed to

allow the amendment to include the correct name of the business and the case may then go to

trial.

>                                                          JUDGMENT REVERSED AND
>                                                          CASE REMANDED FOR
>                                                          FURTHER PROCEEDINGS
>                                                          CONSISTENT WITH THIS
>                                                          OPINION.

Harsha, J., Concurring:

{¶ 40}   The trial court denied the motion to amend because "neither Spurlock's Ag-Lime

Fertilizer, LLC nor an 'unknown' Defendant was named in the original action, for Civ. R. 15 to

apply, the Amended Complaint would have to be filed prior to the expiration of the appropriate

statute of limitations."   This rationale is clearly erroneous.   The court apparently decided the

motion based upon its mistaken view of whether an amendment would relate back to the original

complaint.   The proper approach is to first decide whether to allow the amendment under Civ.R.

15(A)'s "freely given when justice so requires(.)" standard.   If the court allowed the amendment,

it then should have decided whether the amendment related back to the original complaint under

Civ.R. 15(C).

{¶ 41}   Moreover, the analysis used here reflects a misunderstanding of Civ.R. 15(C).   Normally,

you cannot add a new party after the applicable statute of limitation has run.   However, if an amendment

meets the requirements of Civ.R. 15(C), it relates back not just to the re-filed complaint but also the

complaint in previous action.   In other words, if the trial court granted the motion to amend, replacing

Spurlock's name with that of the LLC, and if the court found the standard in Civ.R. 15(C) for the relation

back of amendments was satisfied, it would be as if the plaintiffs filed their original complaint against the

LLC.   And the complaint against the LLC would be deemed to have been filed within the appropriate

statute of limitations.

{¶ 42}  Although the trial court had discretion to decide whether to allow the amendment under Civ.R. 15(A), courts have "no discretion to apply an improper analysis or process in deciding an issue even where they may have discretion in the ultimate decision on the merits."  *Rafferty v. CNE Poured Walls, Inc.*, 4th Dist. No. 10CA16, 2011-Ohio-5143, ¶ 12, quoting *State v. Henderson*, 4th Dist. No. 07CA659, 2008-Ohio-2063, ¶ 5.  Because the court used an improper approach to reach its decision, I would reverse and remand so that the trial court can decide whether to grant the motion using the proper analysis.

JUDGMENT ENTRY


It is ordered that the judgment be reversed and that the case be remanded for further proceedings consistent with this opinion.   Appellants-Cross Appellees to recover costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs with Concurring Opinion
Kline, J.:   Concurs in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.