OPINION
{¶ 1} Appellant, Patricia J. Schraff ("appellant"), the successor trustee of the testamentary trust of Winona D. Hamm ("Trust"), appeals from the judgment of the Geauga County Court of Common Pleas, Probate Division, awarding appellant $56,660 in attorney fees and costs. We reverse.
 {¶ 2} On October 30, 1995, appellant was appointed successor trustee of the Trust. Between 1995 and 2003 appellant represented the Trust in efforts to recover funds improperly converted by a prior trustee, Robert Michael Harrison. Ultimately, after eight years of litigation that included six appeals to this court, five discretionary appeals to the Ohio Supreme Court, and a writ of prohibition, appellant obtained a settlement that resulted in the payment to the Trust of a $130,000 bond plus prejudgment and post judgment interest of $42,588.36 for a total recovery of $172,588.36.
 {¶ 3} On August 24, 2003, appellant filed a motion for approval of ordinary and extraordinary fees. The motion sought fees of $38,289.50 and costs of $5,706.52 incurred by appellant while employed with the firm of Petersen Ibold, and $57,084 in fees and costs of $900.49 incurred by appellant while employed by Schraff King Co., L.P.A. Thus, the motion sought a total fee award of $95,373.50 and costs of $6,607.01. Appellant submitted detailed fee and cost records in support of the motion.
 {¶ 4} On September 4, 2003, the trial court entered a judgment that found the services rendered by appellant to be fair and reasonable. The trial court awarded appellant $20,000 in fees and $5,760 in costs for the time she was employed by Petersen 
Ibold, and $30,000 in fees and $900 in costs for the time she was employed by Schraff King, for a total award of $50,000 in fees and $6,600 in costs.
 {¶ 5} Appellant appeals from the trial court's judgment asserting one assignment of error: "The trial court erred to the prejudice of appellant by reducing her fees by 48% of the actual fees owed."
 {¶ 6} We review a trial court's judgment awarding attorney fees only for an abuse of discretion. In re Guardianship ofRider (1990), 68 Ohio App.3d 709, 712, citing In re Jaymes
(App. 1935), 18 Ohio Law Abs. 613. "`Abuse of discretion connotes more than an error of law; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.'" Id., quotingWorthington v. Worthington (1986), 21 Ohio St.3d 73.
 {¶ 7} Sup.R. 71 provides that "[a]ttorney fees in all matters shall be governed by DR 2-106 of the Code of Professional Responsibility." Sup.R. 71(A). DR 2-106(B) provides in relevant part:
 {¶ 8} "Factors to be considered as guides in determining the reasonableness of a fee include the following:
 {¶ 9} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 10} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 11} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 12} "(4) The amount involved and the results obtained.
 {¶ 13} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 14} "(6) The nature and length of the professional relationship with the client.
 {¶ 15} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 16} "(8) Whether the fee is fixed or contingent."
 {¶ 17} Also, Sup.R. 71(H) provides that "[t]here shall be no minimum or maximum fees that automatically will be approved by the court."
 {¶ 18} Loc.R. 11.1(A) of the Geauga County Common Pleas Court, Probate Division provides, "The allowance of counsel fees for the administration of * * * a trust * * * shall be based upon the actual services performed by the attorney, and the reasonable value of services." Loc.R. 11.1(D) provides in relevant part, "Any application for fees that appears to be excessive to the Court, and which has not been agreed to by all parties shall be set for hearing."
 {¶ 19} In the instant case, the trial court's judgment entry fails to set forth the basis for the fee determination. Therefore, we cannot determine which factors the trial court considered and what weight it gave those factors. This precludes us from conducting a meaningful review of the trial court's judgment. In a case concerning the award of attorney fees under the Consumer Sales Practices Act ("CSPA"), R.C. 1345 et seq., the Ninth District Court of Appeals found the failure of the trial court to set forth the reasons supporting its award of attorney fees to be an abuse of discretion. Crow v. Fred Martin MotorCo., 9th Dist. No. 21128, 2003-Ohio-1293, 2003 Ohio App. LEXIS 1230, at 23, citing Bittner v. Tri-County Toyota (1991),58 Ohio St.3d 143, 146.
 {¶ 20} We see no reason why a different rule should apply to the award of attorney fees in a probate proceeding. Under both the CSPA and Sup.R. 71, the reasonableness of the fee is determined by the factors set forth in DR 2-106. See, Bittner,
at 145-146. Therefore, the trial court abused its discretion when it awarded attorney fees in less than the amount sought without setting forth the factors it considered and the reasons for the reduction. Such a procedure is necessary so that we may conduct a meaningful review of the trial court's judgment.
 {¶ 21} The instant case aptly demonstrates the need for such a rule. Here, the trial court found the services rendered by appellant were fair and reasonable, yet without explanation, the trial court reduced appellant's fees by $45,373.50. It may well be that such a reduction is supported by consideration of the factors set forth in DR 2-106, however, the record before us does not support such a conclusion.
 {¶ 22} We also note that pursuant to Loc.R. 11.1(D) if the fees sought by appellant appeared excessive, the trial court was required to conduct a hearing. No hearing was held in the instant case.
 {¶ 23} On remand, if the fees and costs sought are fair and reasonable, as the trial court apparently concluded, judgment should be entered in the amount requested. If the fees sought appear excessive, the trial court must conduct a hearing pursuant to Loc.R. 11.1(D). If, following the hearing, the trial court awards less than the amount sought, the judgment entry must set forth the DR 2-106 factors the trial court considered and the reasons supporting the reduction.
 {¶ 24} In sum, the trial court abused its discretion when it awarded attorney fees without setting forth the factors it considered in reaching its judgment, and without setting forth the weight given each factor, i.e., without setting forth the reasons supporting its judgment. Therefore, appellant's sole assignment of error has merit and the judgment of the Geauga County Court of Common Pleas, Probate Division, is reversed, and this matter is remanded for proceedings consistent with this opinion.
O'Neill, J., concurs, Grendell, J., concurs in judgment only.