**In re GUARDIANSHIP OF SPAGNOLA.**

[Cite as *In re Guardianship of Spagnola*, 195 Ohio App.3d 719, 2011-Ohio-5602.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2011–T–0017.

Decided Oct. 28, 2011.

Guarnieri & Secrest, P.L.L., and John M. Rossi, for appellee Donald Spagnola.

Richard L. Goodman Co., L.P.A., and Richard L. Goodman, for appellant Michelle R. Coggins.

Richard L. Goodman, pro se.

MARY JANE TRAPP, Judge.

{¶ 1} Michelle Coggins, guardian of the person and estate of her father, Donald Spagnola, appeals from a judgment of the Probate Division of the Trumbull County Court of Common Pleas regarding her request for attorney fees. For the following reasons, we reverse and remand the matter to the trial court for further proceedings.

{¶ 2} Substantive Facts and Procedural History

{¶ 3} In April 2008, the probate court appointed Coggins guardian of the person and estate of her father, Donald Spagnola, after her sister, Maryellen Grounds, the previous guardian, was removed by the probate court. Coggins was assisted in her management of guardianship matters, such as inventory, accounting, and expenditures, by attorney Richard L. Goodman. Coggins knew Goodman through her husband, who represented him on other matters.

{¶ 4} On October 27, 2009, Coggins, through counsel, filed a motion for allowance of fees, requesting a payment of $16,575 to Goodman for his services in this case during the period between July 1, 2008, and September 20, 2009. The amount represented 110.5 hours at an hourly rate of $150.

{¶ 5} Coggins filed two more motions for attorney fees, on March 22 and December 1, 2010, for $2,925 and $555, incurred during the periods of October 2009 through February 2010, and March through November 2010, respectively.

{¶ 6} On January 11, 2010, the court held a hearing on the attorney-fees matter. At the hearing, the court referred only to the October 27, 2009 motion, without noting whether the hearing would address the other two pending motions as well.

{¶ 7} Coggins testified that she believed that the time Goodman had spent on the guardianship was reasonable and was in the best interest of the guardianship. Coggins's two sisters also participated at the hearing, and they did not lodge objections to the request for attorney fees.

{¶ 8} On January 12, 2010, the court issued a judgment entry, finding that the beneficial services provided by Goodman had a reasonable value of $11,670. The court, however, gave no indication as to how it had arrived at this reduced amount. Also, it is unclear whether this amount was the total amount the court would approve for all three pending motions, or only for the October 27, 2009 motion, because the judgment entry did not identify the motion by date, stating only that the "matter came on to be heard on the Motion for Allowance of Attorney's Fees."

{¶ 9} Coggins now appeals, raising the following assignments of error:

{¶ 10} "The trial court abused its discretion when it denied the guardian's motion for fees without setting forth the factors it considered in reaching the judgment and without setting forth the weight given in each factor."

{¶ 11} Rules Governing Attorney Fees in Probate Court

{¶ 12} Loc.R. 71.1 of the Trumbull County Probate Court governs attorney fees. It states: "The allowance of counsel fees as part of the expense for administering a decedent's estate, a trust, or a guardianship shall be based upon the actual services performed by the attorney, and the reasonable value of the services."

{¶ 13} Ohio Sup.R. 71 provides that attorney fees in all matters shall be governed by Prof.Cond.R. 1.5, which provides that the factors to be considered in determining the reasonableness of a fee include (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer, (3) the fee customarily charged in the locality for similar legal services, (4) the amount involved and the results obtained, (5) the time limitations imposed by the client or by the circumstances, (6) the nature and length of the professional relationship with the client, (7) the experience, reputation, and ability of the lawyer or lawyers performing the services, and (8) whether the fee is fixed or contingent.

{¶ 14} "[I]n an action for attorney fees the burden of proving that the time was fairly and properly used and the burden of showing the reasonableness of work hours devoted to the case rest on the attorney. Furthermore, a trial court must base its determination of reasonable attorney fees upon actual value of the necessary services performed, and there must be some evidence which supports the court's determination." *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter* (1995), 100 Ohio App.3d 313, 323, 653 N.E.2d 1245. In making such a determination, the court must consider factors such as time and labor; novelty of issues raised; necessary skill to pursue the course of action; customary fees in

the locality for similar legal services; result obtained; and the experience, reputation, and ability of counsel. Id. at 324.

{¶ 15} Standard of Review

{¶ 16} We review a trial court's award of attorney fees for an abuse of discretion. *In re Testamentary Trust of Hamm*, 11th Dist. No. 2003–G–2532, 2004-Ohio-6348, 2004 WL 2698214, ¶ 6, citing *In re Guardianship of Rider* (1990), 68 Ohio App.3d 709, 712, 589 N.E.2d 465. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Burnett v. Burnett*, 11th Dist. No. 2010–A–0035, 2011-Ohio-2839, 2011 WL 2415389, ¶ 11, quoting *State v. Beechler*, 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8th Ed.Rev.2004) 11. When a court is empowered to award attorney fees, "'[u]nless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.'" *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464, quoting *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.* (1985), 23 Ohio App.3d 85, 91, 23 OBR 150, 491 N.E.2d 345.

{¶ 17} However, to allow an appellate court to conduct a meaningful review, "'the trial court must state the basis for the fee determination.'" *TCF Natl. Bank FBO Aeon Fin., L.L.C., v. Marlatt*, 5th Dist. No. 2009CA00128, 2010-Ohio-1149, 2010 WL 1045343, ¶ 26, quoting *Bittner* at 146.

{¶ 18} In *Hamm*, 2004-Ohio-6348, 2004 WL 2698214, the trial court's judgment entry failed to set forth the basis for the fee determination. The trial court found the services rendered by appellant to be fair and reasonable; yet, without explanation, it reduced the attorney fees by $45,373.50. This court stated, "[W]e cannot determine which factors the trial court considered and what weight it gave those factors. This precludes us from conducting a meaningful review of the trial court's judgment." Id. at ¶ 19. We held that the trial court abused its discretion when it awarded attorney fees without setting forth the factors it considered and without setting forth the reasons supporting its judgment. Id. at ¶ 24. Accord *TCF Natl.* at ¶ 28 (cause remanded because the trial court did not state what factors it took into consideration when reducing the attorney fee requested).

{¶ 19} Here, the trial court summarily stated that the services provided by Goodman had a reasonable value of $11,670, a significant reduction from the fees sought, without setting forth the factors it took into consideration in arriving at the amount. It may well be that such a reduction is supported by consideration of the requisite factors; however, without any explanation from the trial court, it is impossible for us to conduct a meaningful review. Therefore, the matter must be remanded to the trial court.

{¶ 20} On remand, the judgment entry must specifically identify which motion or motions the court is addressing and must set forth the Prof.Cond.R. 1.5 factors that the trial court considers and the reasons supporting the reduction of the attorney fee sought.

{¶ 21} The assignment of error is sustained.

{¶ 22} The judgment of the Trumbull County Court of Common Pleas, Probate Division, is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

RICE, J., concurs.

GRENDELL, J., concurs separately.

DIANE V. GRENDELL, Judge, concurring.

{¶ 23} I agree with the majority's conclusion that the trial court failed to provide an explanation of the factors it considered in arriving at the amount of attorney fees awarded and that this case must be remanded to the trial court for a discussion of the necessary factors. I write separately to address the trial court's failure to rule on each of the appellant's three motions for attorney fees and to point out that motions not ruled upon by a trial court are deemed overruled.

{¶ 24} The majority notes that the trial court failed to rule on each motion separately and that upon remand, the trial court must specifically identify each motion being addressed. Although the trial court did not explicitly rule on each of the three motions for attorney fees, the motions not ruled upon were implicitly overruled. A "motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 13; *State ex rel. Fontanella v. Kontos*, 11th Dist. No. 2007–T–0055, 2007-Ohio-5213, 2007 WL 2822601, at ¶ 9 (when a court issues a final judgment on an issue, it must be presumed that the court intended to dispose of all other pending motions); *Hager v. Norfolk & W. Ry. Co.*, 8th Dist. No. 87553, 2006-Ohio-6580, 2006 WL 3634373, at ¶ 54, fn. 33 ("ordinarily, any pending motions the trial court does not expressly rule on when it renders final judgment are deemed implicitly overruled"). This principle has been applied in situations similar to the present case, in which a trial court has failed to rule on a motion for attorney fees. See *Tate v. Adena Regional Med. Ctr.*, 155 Ohio App.3d 524, 2003-Ohio-7042, 801 N.E.2d 930, at ¶ 16–18 (the trial court implicitly overruled a motion for attorney fees when it did not rule on the motion).

{¶ 25} Even though the motions not ruled upon should be deemed overruled, it is necessary to remand for the trial court to weigh the factors with respect to its reduced award and explain its justification for awarding a lesser amount of attorney fees. See *In re Testamentary Trust of Hamm,* 11th Dist. No. 2003–G–2532, 2004-Ohio-6348, 2004 WL 2698214, at ¶ 20 (the trial court abuses its discretion when it awards attorney fees "in less than the amount sought without setting forth the factors it considered and the reasons for the reduction"). Therefore, I concur in the decision to remand for the trial court to explain the factors used in reaching its award.