[Cite as *In re G.M.*, 2017-Ohio-8145.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: G.M. | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2016-T-0092** |

Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2009 JP 00064.

Judgment: Affirmed.

*Daniel G. Keating*, Keating, Keating & Kuzman, 170 Monroe Street, N.W., Warren, OH 44483 (For Appellant).

*Christopher A. Maruca*, The Maruca Law Firm, LLC, 201 E. Commerce Street, Suite #316, Youngstown, OH 44503 (For Appellee).

*Roklyn M. DePerro Turner*, 3685 Stutz Drive, Suite #100, Canfield, OH 44406 (Guardian ad litem).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Heather Morgan, appeals the trial court's decision finding her in contempt for failing to comply with the pending visitation order. She contends that, as a result of her status as the custodial parent, she had the authority to change the visitation schedule to conform to her child's preschool schedule. We affirm.

{¶2} G.M. was born on February 5, 2009. Appellant is the child's mother, and

appellee, Benjamin Ward, is her father.

{¶3} Early in the proceedings, the parties filed motions for the initial allocation of parental rights, but were ultimately able to resolve all issues. In an agreed judgment entry, appellant was designated as the child's residential parent and legal custodian. As to visitation, the parties agreed that, every other week, appellee would have G.M. from Thursday at 6:00 p.m. through the following Tuesday at 3:30 p.m.

{¶4} In August 2013, appellant informed appellee that she would be enrolling G.M. in a preschool program. According to appellant, G.M. needed preschool to prepare her for kindergarten, improve her speech, and develop her social skills. She also told appellee that, since G.M. would be attending preschool five days a week, it would be necessary to alter his visitation to every other weekend. She asked him to sign a modification, prepared by her attorney, acknowledging that he could no longer have visitation on school days.

{¶5} Appellee refused to sign, arguing that G.M. did not need the preschool program and his visitation rights should remain the same until she began kindergarten. He went to appellant's home on the first Thursday after Labor Day, expecting to pick up G.M. for their five-day visit. Appellant and G.M. were not there and appellant did not return any of his phone calls over the following days. He was unable to see G.M. throughout the entire five-day period.

{¶6} Over the next three months, that pattern continued: appellee would try to pick up G.M. every other Thursday, and appellant would refuse to allow visitation. Early on, appellee motioned the trial court to find appellant in contempt for interfering with visitation. He also moved for the reallocation of parental rights, requesting that he be

named residential parent and legal custodian.

{¶7} The initial hearing on the motions was scheduled for October 30, 2013, but due to service issues, postponed until December 17, 2013. On that date, a court magistrate appointed a guardian ad litem to investigate the "parenting time" problems and ordered the parties to follow the existing visitation order until a final ruling was issued. In light of the latter order, appellant immediately moved the trial court to modify appellee's visitation so that G.M. could continue to attend preschool five days a week.

{¶8} An evidentiary hearing on the pending motions was held on February 5, 2015 and June 11, 2015. The magistrate also conducted an in camera interview of the child on September 16, 2015. After receiving the final report of the guardian ad litem, the magistrate rendered his decision on November 23, 2015, recommending that appellee's motion for contempt and reallocation be denied. The magistrate concluded, however, that the child's best interest dictated that appellee's visitation rights be modified so that, during the school year, he would have custody of her two weekends each month.

{¶9} The same day, the trial court issued its judgment approving and adopting the magistrate's rulings. Two weeks later, appellee filed objections to the entire decision. As to the contempt ruling, he asserted appellant's testimony showed that she violated the existing visitation order for a three-month period when she refused to permit visitation as ordered. As to his reallocation request, he argued the evidence did not support the magistrate's finding that there had been no change of circumstances.

{¶10} After a transcript of the evidentiary hearing was filed, the trial court issued a judgment overruling appellee's objection concerning his request for reallocation of

3

parental rights. However, as to contempt, the trial court found the objections to be well taken, noting that appellant admitted during her testimony that she did not follow the existing visitation order during the three-month period. This matter was therefore remanded to the magistrate for further consideration.

{¶11} On remand, the matter went forward on the parties' written briefs. The magistrate found appellant in contempt as to visitation and imposed thirty days in the county jail. The magistrate further ordered that appellant could purge and avoid jail providing appellee with thirty-eight days of "make-up" visitation with the child.

{¶12} Appellant objected to the decision, contending that there could be no finding of contempt when she offered to let appellee have visitation every other weekend while G.M. was attending preschool, but he refused and demanded that the existing visitation order be followed. In the appealed judgment, the trial court overruled the objection, again found her in contempt, and approved the sanction recommended by the magistrate.

{¶13} Appellant raises one assignment of error for review:

{¶14} "The trial court erred to the prejudice of appellant in finding her in contempt of court."

{¶15} Appellant does not contest that there was considerable evidence before the magistrate showing that, after G.M. started preschool, she refused to permit appellee to exercise his visitation rights under the existing order. Despite this, appellant maintains she cannot be found guilty of contempt because, as the child's residential parent, she has sole authority to make decisions regarding the child's schooling. She also notes that she continued to give appellee the opportunity to have the child, but he

4

who would not agree to alternative weekend visitation.

{¶16} "A court's authority to punish a party for contempt for failure to comply with a prior order derives from both the court's inherent authority and from statutory authority. *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870; *Hale v. State* (1896), 55 Ohio St. 210, 45 N.E. 199. Contempt is a disregard of, or disobedience to, the orders or commands of judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 7 OBR 377, 455 N.E.2d 691. Indirect contempt may include the disobedience of, or resistance to, a lawful order, judgment, or command of a court officer. See R.C. 2705.02. Courts must make civil contempt findings based upon clear and convincing evidence. *ConTex, Inc. v. Consol. Technologies, Inc.* (1988), 40 Ohio App.3d 94, 531 N.E.2d 1353." (Footnote omitted). *Dozer v. Dozer*, 88 Ohio App.3d 296, 302, 623 N.E.2d 1272 (4th Dist.1993).

{¶17} A finding of contempt must be made even if the party did not intentionally disregard a court order; i.e., the fact that a party acted innocently is not a valid defense to a contempt claim. *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984), quoting *Windham Bank v. Tomaszczyk*. 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph three of the syllabus. In other words, "[p]roof of purposeful, willing or intentional violation of a court order is *not* a prerequisite to a finding of contempt. * * * 'It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result.'" (Emphasis sic). *Id.*, quoting *Pedone v. Pedone*, 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (1983).

{¶18} A trial court's finding of contempt will be upheld on appeal in the absence

5

of an abuse of discretion. *Tretola v. Tretola*, 3rd Dist. Logan No. 8-14-12, 2014-Ohio-5484, ¶62. An abuse of discretion takes place when a trial court fails to employ sound, reasonable and legal decision-making. *In re Guardianship of Spagnola*, 195 Ohio App.3d 719, 2011-Ohio-5602, 961 N.E.2d 730, ¶62. Under this standard, the appellate court cannot substitute its judgment for that of the trial court. *Dozer*, 88 Ohio App.3d at 302.

{¶19} The resolution of this matter does not require a manifest weight analysis. As part of her testimony, appellant admitted that once she decided to enroll G.M. in the preschool program, she stopped allowing appellee to take custody of G.M. for his five-day visitation.

{¶20} Notwithstanding the foregoing, appellant argues that she cannot be held in contempt because, in deciding to enroll the child in preschool, she was merely exercising her right as the custodial parent to provide for the child's education. While the right to make decisions regarding a child's schooling lies solely with the custodial parent because trial courts cannot force parents to reach agreements on the issue, *see Walker v. Walker*, 2d Dist. Montgomery No. 9449, 1985 WL 4539, *2-3 (Dec. 12, 1985), this does not allow the custodial parent to unilaterally modify the non-custodial parent's visitation rights. That authority lies solely with the trial court.

{¶21} Although appellant may have had G.M.'s best interest in mind in enrolling the child in preschool, she still willfully disregarded a pending court order. In addition, she could have avoided the ensuing litigation over the contempt and reallocation issues by simply moving the trial court to modify visitation. The trial court did not abuse its discretion in finding appellant in contempt. Accordingly, appellant's sole assignment of

6

error lacks merit.

{¶22} The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶23} I respectfully dissent.

{¶24} Parenting plans, companionship orders or standard visitation orders have multiple conditions and requirements, all of which are designed to document the various rights and responsibilities of the parents. Parenting time is an important part of the parenting plan. The custodial parent is charged with balancing school, medical appointments, social activities and developmental matters under the plan. Parents are charged with acting in good faith to coordinate with each other.

{¶25} R.C. 2705.02(A), regarding contempt, describes it as "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]" Further, it is well-settled that custody includes the right to make decisions regarding a child's schooling. *Walker v. Walker*, 2d Dist. Montgomery No. 9449, 1985 WL 4539, *2 (Dec. 12, 1985).

{¶26} Appellant's good faith offer of an alternative time for appellee's parenting time so the child could attend pre-school was consistent with the requirements of

cooperation contained in the parenting plan and does not amount to contempt. Further, appellee chose not to take this reasonable compromise, and preferred losing several months of parenting time rather than compromise.

{¶27} I dissent.