[Cite as *Banfield v. Orazem*, 2017-Ohio-8438.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DONNA BANFIELD, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2017-G-0109** |
| JACQUELINE LANE ORAZEM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2016 SP 000205.

Judgment: Affirmed.

*Dennis J. Ibold* and *Brian L. Bly*, Petersen & Ibold, 401 South Street, Chardon, OH 44024 (For Plaintiffs-Appellees).

*Todd E. Petersen*, Petersen & Petersen, 428 South Street, Chardon, OH 44024 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Jacqueline Lane Orazem, appeals the length of the civil stalking protection order issued against her as a consequence of her actions against appellee, Donna Banfield. Appellant asserts the record lacks evidence supporting the trial court's decision to reject the magistrate's ruling and extend the duration of the order by nine months. We affirm.

{¶2} The parties live on adjacent properties. Prior to 2011, the parties and their

families maintained a cordial relationship. However, animosity developed between the families, leading to the filing of a civil stalking protection proceeding in 2012. That action ended in settlement, under which the parties agreed not to speak. Appellant and her family also agreed to build a fence on their property between their houses. Although both families abided by the "no speak" provision, the fence was not built.

{¶3} At some point after the dismissal of the first action, appellant and her family began to play loud music from a stereo system in her garage. Appellee claimed the music was so loud that it would shake the windows in her home and drown out the sound of her television. Furthermore, the music was frequently played and multiple neighbors called the sheriff's department to complain.

{¶4} On the majority of weekdays, appellant's husband turned the system on and opened up the garage door prior to leaving for work at approximately 7:00 a.m. A short time later, appellant would leave to take her daughter to school. Even though no one was home, the music continued to play. Upon returning, appellant usually went inside to work from her home office, making phone calls. Despite this, the loud music would continue to play until approximately 9:00 a.m.

{¶5} In addition to the music, appellant sometimes videotaped appellee and her husband working in their yard to ensure that appellee did not throw anything onto appellant's property. According to appellee, there were three or four times that appellant drove recklessly when their vehicles happened to be in close proximity on the nearby road. Once, appellant accelerated to pass appellee and her husband, but immediately slammed on her brakes once she was in front of them.

{¶6} Because appellant's actions continued over a course of three years,

appellee and her husband felt that they had become captives in their own home. Appellee further asserted that appellant caused great stress in their lives, leading them to seek psychological treatment.

{¶7} On March 22, 2016, appellee filed a petition for a civil stalking protection order, pursuant to R.C. 2903.214. That day, a magistrate issued an ex parte temporary order in favor of appellee, her husband, and their two daughters. As part of that order, appellant was not permitted to come within 100 feet of the protected persons.

{¶8} Thereafter, the magistrate held a three-day evidentiary hearing on the petition. The magistrate found that appellant knowingly engaged in a pattern of behavior that caused appellee and her husband mental distress. The magistrate recommended that the civil stalking protection order be granted against appellant for eighteen months from the issuance of the ex parte order.

{¶9} Appellant objected to the magistrate's decision, primarily contending that the "mental distress" finding is not supported. In overruling the objections, the trial court concluded that appellant's repeated behavior over a sustained period constitutes mental distress.

{¶10} The trial court approved the magistrate's decision and issued the civil stalking protection order against appellant, with two modifications. First, the court removed appellee's two daughters from protection because there was no evidence that appellant's conduct was directed at them. Second, although no one objected to the effective date of the protection order, the court modified the effective date to the date of final judgment, i.e., January 12, 2017, rather than the date of ex parte temporary order, March 22, 2016. The protection order will thereafter remain effective until July 2018,

3

instead of September 2017.

{¶11} Appellant asserts one assignment of error for review:

{¶12} "The trial court committed reversible error when it extended the term of a Civil Protection order in a manner wholly inconsistent with its Decision adopting and incorporating the Magistrate's Decision."

{¶13} In arguing that the trial court should have followed the recommendation of the magistrate regarding the effective dates of the protection order, appellant claims that there was no evidence before the court upon which it could draw a different conclusion than the magistrate. She notes that a transcript of the evidentiary hearings before the magistrate was not filed at the trial level; hence, the scope of the trial court's review was limited to the findings in the magistrate's decision. Appellant further argues that the magistrate's findings did not support an extension of the protection order because there was no evidence of actual physical violence or threats of violence.

{¶14} R.C. 2903.214 governs the issuance of a civil protection order based upon menacing by stalking. Division (E)(2)(a) provides: "Any protection order issued pursuant to this section shall be valid until a date certain but not later than five years from the date of its issuance."

{¶15} A trial court's determination of the length of a civil stalking protection order lies within its sound discretion. *See Mann v. Sumser*, 5th Dist. Stark No. 2001CA00350, 2002-Ohio-5103, ¶31. An abuse of discretion occurs when a trial court fails to engage in sound, reasonable and legal decision-making. *In re Guardianship of Spagnola*, 195 Ohio App.3d 719, 2011-Ohio-5602, 961 N.E.2d 730, ¶16 (11th Dist.).

{¶16} Changing the effective date enlarged the duration of the order from

4

eighteen months to twenty-seven months. That was well within the trial court's discretion.

{¶17} Furthermore, magistrate's findings support increasing the duration of the protection order from eighteen to twenty-seven months. Appellee's first civil stalking protection action against appellant was predicated upon appellant yelling obscenities at appellee and her husband. It is undisputed that playing loud music began at approximately the same time that the first action was pending. This supports the inference that loud music was used as a substitute for the obscenities appellant could no longer yell as a result of the settlement.

{¶18} Furthermore, the loud music and appellant's other actions were intended to upset appellee and her family. Both appellee and her husband testified that, in addition to the music on weekday mornings, the garage door would open and the music would play when they would return or go into their yard to work. Appellee further testified that the music was so loud that it was sometimes difficult to hear the television inside their house. Finally, appellant engaged in this course of behavior for more than three years.

{¶19} To this extent, the decision to extend the length of the final protection by nine months was sound and reasonable in light of the facts of this case.

{¶20} Appellant's sole assignment lacks merit and the trial court is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.


5