[Cite as *Haun v. Haun*, 2019-Ohio-5408.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


SHARLA R. HAUN,                          :        **O P I N I O N**

          Plaintiff-Appellant,        :

     - vs -                               :        **CASE NO. 2018-P-0108**

GREG R. HAUN,                            :

          Defendant-Appellee.        :


Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 2013 DR 00448.

Judgment:  Affirmed in part, reversed in part, and remanded.


*James L. Lane*, Rosenthal Thurman Lane, LLC, North Point Tower, Suite 1720, 1001 North Point Tower, Cleveland, Ohio 44114 (For Plaintiff-Appellant).

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, Ohio 44114 (For Defendant-Appellee).


THOMAS R. WRIGHT, P.J.

{¶1}   Appellant, Sharla R. Haun, appeals the denial of her motions to modify spousal support, child support, and to find appellee, Greg R. Haun, in contempt.  We affirm in part, reverse in part, and remand.

{¶2}   The parties were married in 1999 and had two children together.  Sharla filed for divorce in 2013.  The final divorce decree, including the parties' separation and settlement agreement and shared parenting plan, was issued November 3, 2014.

{¶3}  Sharla moved to modify spousal support and child support in February of 2016.  In August of 2017, she moved to hold Greg in contempt of court claiming he failed to comply with the court's order to maintain two life insurance policies with the children as beneficiaries.  Sharla also alleged contempt based on Greg's alleged failure to provide her with online access to their children's 529 accounts.

{¶4}  Following hearing, the trial court overruled Sharla's motions.

{¶5}  Sharla raises three assignments of error.  Her first assigned error contends:

{¶6}  "[1.]  The trial court erred as a matter of law and abused its discretion by denying the motion to modify the child support award based on a misapplication of Ohio's governing child support statutes and case law, including a misplaced reliance on Wife's need for child support instead of the statutorily required considerations. T.d. 161."

{¶7}  Absent an abuse of discretion, a trial court's determination regarding child support obligations will not be disturbed on appeal.  *Pauly v. Pauly,* 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997).

{¶8}  "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed. Rev. 2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are

harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70.

{¶9} R.C. 3119.79 governs motions to modify child support. It dictates that a trial court must first recalculate the child support award using the appropriate worksheet and schedule. *DeChristefero v. DeChristefero*, 11th Dist. Trumbull No. 2002-T-0021, 2003-Ohio-2234, ¶ 26. And if the recalculated amount is more or less than ten percent of the existing support obligation, the court must find a substantial change of circumstances exists that warrants modification of the current support order. *Id.;* R.C. 3119.79(A).

{¶10} Thereafter, the court must modify the amount of child support required to be paid under the child support order to comply with the recalculated schedule and worksheet, "*unless* the court determines that those amounts calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be *unjust* or *inappropriate and therefore not in the best interest of the child* and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code." R.C. 3119.79(C). (Emphasis added.)

{¶11} Here, the trial court consolidated its findings and analysis regarding Sharla's motions to modify child support and spousal support together and, without referencing any statutes or factors, found that there "was some change in circumstances in that the Defendant's income increased[, but found that] Plaintiff's needs have not increased. If anything, considering the assistance provided by her new male friend, her financial requirements have decreased." The trial court also emphasized that Sharla was able to

3

save more than $100,000 based on her initial $8,200 monthly spousal support award and that although the "Plaintiff's child support may seem a little low, but considering she receives over $9,000 a month, is a lawyer with earning capacity probably higher than the amount imputed, and further considering she has saved over $100,000 while receiving the support, the Court cannot find a change of circumstances sufficient to grant the Plaintiff's Motion to Modify Child Support and Spousal Support."

{¶12} However, it is undisputed that Greg's nearly double increase in annual income following the original divorce decree and support orders constitutes a substantial change of circumstances pursuant to R.C. 3119.79(A) because it results in a more than ten percent increase when recalculating the child support award using the appropriate worksheet. Thus, pursuant to R.C. 3119.79(C), the trial court was required to "modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet, *unless* the court determines that those amounts calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be *unjust or inappropriate and therefore not in the best interest of the child * * *.*" (Emphasis added.)

{¶13} As argued, the trial court did not employ R.C. 3119.79 whatsoever. The trial court did not apply the mandated ten percent increase test in R.C. 3119.79(A). The trial court likewise did not apply R.C. 3119.79(C), which *requires* a court to modify a child support award to comply with the schedule and the applicable worksheet unless explicit findings are made. *Baker v. Mague*, 8th Dist. Cuyahoga No. 82792, 2004-Ohio-1259, ¶ 21.

4

{¶14}  Accordingly, this aspect of Sharla's first assigned error has merit.  The trial court's decision denying her motion to modify child support is reversed and remanded. On remand, the trial court shall undertake the required calculation and find a substantial change in circumstances warranting modification.   Thereafter, and pursuant to R.C. 3119.79(C), the trial court is required to "modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet, *unless* the court determines that those amounts calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be *unjust or inappropriate and therefore not in the best interest of the child * * *.*"  (Emphasis added.)

{¶15}  Sharla also urges reversal is required claiming the trial court erred in relying solely on *her* need or lack of need for additional child support.  We agree.

{¶16}  R.C. 3119.04(B), effective until March 27, 2019, states in part that "[i]f the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, * * * *shall* determine the amount of the obligor's child support obligation on a case-by-case basis and *shall consider the needs and the standard of living of the children* who are the subject of the child support order and of the parents. The court * * * shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, *unless* the court * * * determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court * * * makes such a determination, it shall enter in the journal the figure, determination, and findings."  (Emphasis added.)

5

{¶17} Sharla moved to modify the child support in February of 2016. At the time, the maximum combined gross annual income listed on the basic child support schedule was $150,000.

{¶18} Upon fashioning a child support award, child support based upon a combined income figure of $150,000 is intended to serve as "the minimum child support award, below which the court cannot go without explanation" when the parties earn in excess of $150,000 per year. *Batcher v. Pierce*, 9th Dist. Summit No. 27415, 2015-Ohio-2130, 35 N.E.3d 904, ¶ 20, quoting *Zeitler v. Zeitler,* 9th Dist. Lorain No. 04CA008444, 2004-Ohio-5551, 2004 WL 2348151, ¶ 9. When crafting an award based on incomes in excess of this amount, the court must establish the amount of child support on a case-by-case basis, taking into consideration "the needs and the standard of living of the children who are the subject of the child support order and of the parents." R.C. 3119.04(B). "[T]he appropriate standard for the amount of child support is 'that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued.' * * *." *Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003-Ohio-4519, 796 N.E.2d 541, ¶ 24 (9th Dist.).

{¶19} And if the trial court does not order less than the combined income figure of $150,000, it is not required to make any findings because an award in excess of the $150,000 equivalent is not a deviation. *Siebert v. Tavarez*, 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, ¶ 30; *Barone v. Barone*, 6th Dist. Lucas No. L-07-1336, 2008-Ohio-5793, ¶ 19; *Wuscher v. Wuscher*, 9th Dist. Summit No. 27697, 2015-Ohio-5377, ¶ 27. However, if the trial court orders less than the $150,000 equivalent, a court must issue findings consistent with R.C. 3119.79(C).

{¶20} Here, the original decree provides that Greg shall pay monthly child support to Sharla totaling $1,071.43, which covers both children, commencing June 1, 2014.

{¶21} The applicable child support schedule for two children when the parties' gross incomes is $150,000 per year is $21,971. And $21,971 divided by 12 months is $1,830.92 per month. Because Greg's income had doubled, causing a more than ten percent increase in his recalculated support obligation after the parties' decree and before Sharla moved for increased child support, the trial court was required to increase the child support award to at least $1,830.92 per month, unless the court explicitly found that "it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount." R.C. 3119.04(B). Thus, it erred in this regard.

{¶22} As stated, the court can award in excess of this amount per month upon considering the needs and the standards of living of the children and the parents. Consequently, the trial court likewise erred in fashioning its award based solely on Sharla's need for further support without accounting for the children's needs and their standard of living.

{¶23} And an award in an amount less than the $1,830.92 amount per month for two children necessitated corresponding findings, which are absent here.

{¶24} Thus, the second aspect of Sharla's first assigned error has merit because the trial court erred in focusing *solely* on her need for additional child support.

{¶25} Sharla's second assigned error contends:

{¶26} "[2.] The trial court erred as a matter of law and abused its discretion by denying the motion to modify the spousal support award based on a misapplication of Ohio's governing spousal support statutes and case law, including a misplaced reliance

7

on wife's need for spousal support instead of the statutorily required considerations. T.d. 161."

{¶27} Sharla argues that she satisfied all the statutory prerequisites and that a spousal support increase is warranted upon applying the applicable factors. She also claims the trial court erred in relying solely on *her need* for an increase in spousal support.

{¶28} As stated, the trial court's consolidated analysis regarding Sharla's motions to modify child support and spousal support found that there "was some change in circumstances in that the Defendant's income increased[, but found that] Plaintiff's needs have not increased. If anything, considering the assistance provided by her new male friend, her financial requirements have decreased." The trial court also emphasized that Sharla was able to save more than $100,000 based on her $8,200 spousal support and that although the "Plaintiff's child support may seem a little low, but considering she receives over $9,000 a month, is a lawyer with earning capacity probably higher than the amount imputed, * * * the Court cannot find a change of circumstances sufficient to grant" her motion.

{¶29} A court may modify the terms or amount of spousal support in a divorce decree when the decree expressly reserves jurisdiction to make the modification and the court finds a substantial change in circumstances of either party has occurred. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 33. A "substantial" change is one that is drastic, material, or significant. *Id.* at ¶ 32.

{¶30} And once a court has found that a substantial change in circumstances has occurred, it must consider whether the existing spousal support order should be modified. *Barrows v. Barrows,* 9th Dist. Summit No. 21904, 2004-Ohio-4878, ¶ 7. This requires a

court to examine the existing award to determine if it is still appropriate and reasonable. *Id.*

{¶31} As alleged, the trial court found a change in circumstances here, but then only analyzed *Sharla's need* for support.

{¶32} R.C. 3105.18(C)(1) lists factors a court is required to consider upon assessing whether the spousal support award remains appropriate and reasonable, stating:

{¶33} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court *shall* consider all of the following factors:

{¶34} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶35} "(b) The relative earning abilities of the parties;

{¶36} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶37} "(d) The retirement benefits of the parties;

{¶38} "(e) The duration of the marriage;

{¶39} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶40} "(g) The standard of living of the parties established during the marriage;

{¶41} "(h) The relative extent of education of the parties;

{¶42} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶43} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶44} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶45} "(l) The tax consequences, for each party, of an award of spousal support;

{¶46} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶47} "(n) Any other factor that the court expressly finds to be relevant and equitable." (Emphasis added.)

{¶48} And although a court must consider all the applicable factors and set forth the basis of its decision to allow appellate review, a court is *not* required to restate the applicable factors under R.C. 3105.18(C)(1) that are unchanged since the original spousal support order was issued. *Kucmanic v. Kucmanic,* 119 Ohio App.3d 609, 613, 695 N.E.2d 1205 (8th Dist.1997). The amount of support remains within the discretion of the court. *Moore v. Moore*, 83 Ohio App.3d 75, 78, 613 N.E.2d 1097 (9th Dist.1992). We will not reverse a trial court's decision regarding spousal support absent an abuse of

discretion. *McClellan v. McClellan*, 9th Dist. Summit No. 21065, 2002-Ohio-6118, ¶ 25, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶49} While "'the standard for awarding spousal support is * * * no longer based strictly on a consideration of need' * * *," *Organ v. Organ*, 9th Dist. Summit No. 26904, 2014-Ohio-3474, 17 N.E.3d 1192, ¶ 14, "necessity clearly plays a role in the appropriateness and reasonableness of an award (as well as in its nature, amount and terms) * * *." *Humphrey v. Humphrey*, 11th Dist. Ashtabula No. 2008-A-0077, 2010-Ohio-968, ¶ 54.

{¶50} Moreover, "'[i]n determining whether to award spousal support, a trial court must consider the factors enumerated in R.C. 3105.18(C). As with its property division, a trial court need not itemize and comment upon each factor; however, there must [be] a clear indication in the court's decision that the factors were considered.' *Hightower v. Hightower*, 10th Dist. No. 02AP-37, 2002-Ohio-5488, 2002 WL 31262059, ¶ 24. The record need only show that the trial court considered the factors in making its award. *McClung v. McClung*, 10th Dist. No. 03AP-156, 2004-Ohio-240, 2004 WL 98621, ¶ 21." *Misra v. Mishra*, 10th Dist. Franklin No. 17AP-306, 2018-Ohio-5139, 126 N.E.3d 367, ¶ 51.

{¶51} Consistent with Sharla's argument, the trial court here erred by relying solely on her need for spousal support. The court neither references nor relies on any of the mandatory factors listed in R.C. 3105.18(C)(1)(a)-(n), and as such, we cannot ascertain whether it considered them.

{¶52} Accordingly, Sharla's second assigned error has merit. We reverse the trial court's decision denying her motion for an increase in spousal support and remand for

11

the court to consider the requisite statutory factors when addressing whether the existing spousal support order should be modified.

{¶53} Sharla's third and final assignment contends:

{¶54} "[3.] The trial court erred as a matter of law and abused its discretion by denying the motion for contempt and failing to order husband to contribute to wife's attorney fees based on a misapplication of the governing statutes and case law. T.d. 161."

{¶55} Her argument here is threefold. First, she contends the trial court erred as a matter of law in denying her motion since the court included a willful element to contempt, and contempt does not require willfulness. Second, Sharla claims the trial court was *required* to hold Greg in contempt because it found that he was not in compliance with several aspects of the divorce decree. Finally, she claims because of this mandatory contempt finding, the trial court was *required* to order him to pay some of her attorney fees.

{¶56} We review contempt orders for an abuse of discretion. *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 29.

{¶57} "Contempt is a disregard of, or disobedience to, the orders or commands of judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 7 OBR 377, 455 N.E.2d 691. Indirect contempt may include the disobedience of, or resistance to, a lawful order, judgment, or command of a court officer. See R.C. 2705.02." (Footnote omitted). *Dozer v. Dozer*, 88 Ohio App.3d 296, 302, 623 N.E.2d 1272 (4th Dist.1993).

{¶58} "Proof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of contempt." *Pugh v. Pugh*, 15 Ohio St.3d 136, 472 N.E.2d 1085

12

(1984), paragraph one of the syllabus; *Cain v. Cain*, 11th Dist. Portage No. 2017-P-0084, 2019-Ohio-184, ¶ 17. "It is irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result." *Pugh*, at 140, quoting *Pedone v. Pedone*, 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (8th Dist.1983).

{¶59} The party moving to hold another in civil contempt of court has the burden to show by clear and convincing evidence the existence of a valid court order and the other's noncompliance. *Carroll v. Detty*, 113 Ohio App.3d 708, 711, 681 N.E.2d 1383 (4th Dist.1996). Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Ohio State Bar Assn. v. Reid*, 85 Ohio St.3d 327, 331, 1999-Ohio-374, 708 N.E.2d 193 (1999), quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶60} Sharla correctly argues the trial court overruled her motion for contempt holding in part, "the testimony fails to show any willful contempt on the part of the Defendant, and therefore, the Plaintiff's" motion for contempt is overruled." Because willfulness or intentional disregard for a court's order is not a required showing, the trial court erred as a matter of law in imposing this element.

{¶61} Sharla moved to hold Greg in civil contempt of court for noncompliance with the divorce decree on two bases. First, she claimed Greg failed to comply with the court's order to maintain two life insurance policies with the children as beneficiaries.

{¶62} A party can only be held in contempt of court for failing to comply with the language the court employed in the four corners of the applicable court order. *Cain v.*

13

*Cain*, 11th Dist. Portage No. 2017-P-0084, 2019-Ohio-184, ¶ 21. Especially in contempt cases, court decrees must be restricted to what they say, and if the text of an order is unclear, a contempt finding for failure to comply is improper. *Id.* citing *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir.2005).

{¶63} Contrary to her argument, Sharla did *not* prove that Greg failed to maintain the requisite life insurance policies with the children as the named beneficiaries, and as the moving party, she had the burden of proof. Although Sharla established that she was denied *access* to the life insurance policies, this was not the basis of her motion, and Sharla having access to the policies is not explicitly required in the decree. Thus, this argument lacks merit.

{¶64} Second, she argued that Greg failed to provide her with online access to their children's 529 college savings accounts and that he failed to fully fund these accounts consistent with the divorce decree. Sharla's motion does *not* allege, as a basis for contempt, that Greg was in violation of the decree based on his *failure to fund* the 529 accounts. However, she did present evidence that the college saving plans were underfunded. This evidence was undisputed, and Greg did not object or argue that this basis for contempt was not raised in Sharla's motion. Thus, a contempt finding based on Greg's failure to fully fund these accounts is required. *Matter of G.M.*, 11th Dist. Trumbull No. 2016-T-0092, 2017-Ohio-8145, 98 N.E.3d 790, ¶ 17 ("finding of contempt must be made even if the party did not intentionally disregard a court order").

{¶65} However, Sharla did not establish that she was denied online access to the college savings accounts. The decree simply states on this issue that "Mother shall have

14

online access for viewing these accounts." The decree places no express obligation on Greg in this regard. Thus, this aspect of her assigned error lacks merit.

{¶66} Based on the foregoing, Sharla's third assigned error has merit in part. On remand, the trial court shall hold Greg in contempt of court for failing to adequately fund the college savings accounts consistent with the final judgment entry of divorce. The trial court has discretion in awarding attorney fees, if any, in connection with this contempt finding. *Briggs v. Moelich*, 8th Dist. Cuyahoga No. 97001, 2012-Ohio-1049, ¶ 33 (finding "trial courts have discretion to award reasonable attorney's fees against a party found guilty of civil contempt"); R.C. 3105.73(B).

{¶67} The trial court's decision is affirmed in part, reversed in part, and remanded.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

15