[Cite as *Taylor-Winfield Corp. v. Huntington Natl. Bank*, 2020-Ohio-5056.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| THE TAYLOR-WINFIELD CORPORATION, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-T-0005** |
| THE HUNTINGTON NATIONAL BANK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CV 00749.

Judgment:  Reversed and remanded.

*Ned C. Gold, Jr.*, The Gold Law Firm, 7011 East Market Street, Warren, Ohio 44484 (For Plaintiff-Appellant).

*Christopher J. Niekamp, Natalie M. Niese,* and *Justin D. Tjaden,* Niekamp, Weisensell, Mutersbaugh, Mastrantonio, LLP, Nantucket Building, Third Floor, 23 South Main Street, Akron, Ohio 44308 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Taylor-Winfield Corporation, appeals the dismissal with prejudice of its civil suit against appellee, Huntington National Bank. Taylor-Winfield contends that its failure to timely comply with a court order and failure to attend a hearing did not warrant dismissal with prejudice.  We reverse and remand.

{¶2}    In April 2019, Taylor-Winfield filed a two-count complaint against

Huntington. Huntington moved to dismiss under Civ.R. 12(B)(6), which the trial court granted in part. The court dismissed one claim, but as to the other claim, the court converted the motion into one for summary judgment since Huntington's argument could not be decided solely on the allegations in the complaint. Accordingly, the case was set for a status conference on November 19, 2019.

{¶3} One day before the hearing, Taylor-Winfield filed the affidavit of its president, John A. Anderson, in opposition to summary judgment. Attached to the affidavit were multiple documents including, but not limited to, an open-end mortgage dated June 16, 2008, an amendment to the mortgage dated August 10, 2010, and two promissory notes dated August 10, 2010. Taylor-Winfield also moved for leave to file an amended complaint, asserting four new claims sounding in breach of contract, civil conspiracy, promissory estoppel, and misrepresentation/fraud. It did not attach any documents to the amended complaint.

{¶4} After the trial court granted the motion for leave and the amended complaint was entered on the docket, Huntington moved for a more definitive statement. Citing Civ.R. 10(D), Huntington maintained that Taylor-Winfield failed to attach copies of the documents that formed the basis of the new claims. One week later, on December 13, 2019, the trial court ordered Taylor-Winfield to "provide copies of the 2008 Mortgage, 2010 Amended Mortgage, and 2010 Promissory Notes" in four days, or "by or before December 17, 2019" despite these documents having been already provided to the court and Huntington as attachments to Anderson's affidavit.

{¶5} Huntington moved to dismiss the case under Civ.R. 41(B)(1) on January 9, 2020 for failure to comply. The court scheduled a hearing on the motion to dismiss

January 22, 2020. One day before the hearing, and 35 days after expiration of the four-day deadline, Taylor-Winfield responded to the motion to dismiss by filing a supplement to its amended complaint attaching the documents referenced in the trial court's December 13, 2019 order.

{¶6} Taylor-Winfield's counsel did not, however, attend the hearing. Two days after the hearing, the trial court dismissed the case with prejudice under Civ.R. 41(B)(1). The court based its decision upon Taylor-Winfield's failure to comply with its order, failure to file a response to the motion to dismiss, and failure to attend the January 22, 2020 hearing.

{¶7} Taylor-Winfield assigns one assignment of error:

{¶8} "The trial court disregarded several long-standing principles pertaining to the use of Rule 41(B), Ohio Rules of Civil Procedure and improperly dismissed the case with prejudice."

{¶9} In challenging dismissal, Taylor-Winfield contends the trial court abused its discretion in concluding that its actions were sufficiently dilatory to warrant disposing of the case without considering the merits. And regardless of the reasons for its delay in supplementing its amended complaint, it argues that dismissal with prejudice was not justified because its supplement was filed before the motion to dismiss hearing.

{¶10} The trial court's decision to dismiss was pursuant to Civ.R. 41(B)(1), which provides:

{¶11} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

3

{¶12} Civ.R. 41(B)(1) should only be invoked in limited cases where "'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal with prejudice for a failure to prosecute or obey a court order.'" *U.S. Bank Nat. Assn. v. Birovsek*, 2019-Ohio-838, 132 N.E.3d 1121, ¶ 18 (11th Dist.), quoting *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729 (1999). "Among the factors to be considered include a drawn-out history of litigation, evidence of a party's failure to voluntarily comply with the discovery requests of an adverse party unless ordered or threatened, and any other evidence which demonstrates that the party is deliberately proceeding in a dilatory manner." *Nardelli v. Smith*, 10th Dist. Franklin No. 98AP-561, 1999 WL 173699, *2 (Mar. 16, 1999), citing *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 635 N.E.2d 14.

{¶13} The decision to dismiss an action under Civ.R. 41(B)(1) lies within the trial court's sound discretion. *Nardelli*, at *2, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319. As a general proposition, an abuse of discretion occurs when the trial court fails to exercise sound, reasonable, and legal decision-making. *In re Guardianship of Spagnola*, 195 Ohio App.3d 719, 2011-Ohio-5602, 961 N.E.2d 730, ¶ 16 (11th Dist.). In regard to a Civ.R. 41(B)(1) dismissal with prejudice, an "abuse of discretion will be found where the circumstances precipitating the termination were not extreme and other less drastic alternatives were not considered." *Gooslin v. Fortado*, 80 Ohio App.3d 373, 376, 609 N.E.2d 235 (9th Dist.).

{¶14} The facts do not warrant dismissal with prejudice.

{¶15} Taylor-Winfield filed its supplement including the ordered documents one day before the dismissal hearing and three days before the court dismissed the case.

4

While the documents were not again provided until 35 days after the deadline, they had already been provided to the court and Huntington as attachments to Anderson's affidavit before the motion for a more definite statement was even filed and before the trial court ordered Taylor-Winfield to do so. There is no drawn out history of failure to comply with discovery requests or orders or evidence that Taylor-Winfield or counsel were otherwise dilatory. Moreover, Taylor-Winfield did respond to the motion to dismiss when it provided the ordered documents. The circumstances were not extreme, and less drastic alternatives were available.

{¶16} Accordingly, Taylor-Winfield's sole assignment has merit, and the trial court's decision is reversed and remanded.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.