[Cite as *In re G.M.*, 2026-Ohio-1611.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

G.M.

CASE NO. 2025-T-0064

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2009 JP 00064

## OPINION AND JUDGMENT ENTRY

Decided: May 4, 2026
Judgment: Affirmed

*Daniel G. Keating*, Keating Law Office, 170 Monroe Street, N.W., Warren, OH 44483 (For Appellee, Heather Morgan).

*Christopher A. Maruca*, The Maruca Law Firm, 201 East Commerce Street, Suite 316, Youngstown, OH 44503 (For Appellant, Benjamin Ward).

JOHN J. EKLUND, J.

{¶1} Appellant, Benjamin Ward, appeals the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, overruling his objections to the magistrate's decision and denying his motion for contempt against Appellee, Heather Morgan, for allegedly violating the companionship order regarding the parties' minor child.

{¶2} Appellant raises two assignments of error, arguing that (1) the magistrate abused its discretion and committed an error of law in failing to find Morgan in contempt; and (2) the trial court abused its discretion and committed an error of law by not granting Appellant's objections to the magistrate's decision.

{¶3} Having reviewed the record and the applicable law, we find that Appellant's assignments of error are without merit. First, Appellant's first assigned error does not present a valid basis for reversal. Appellate courts review the actions of the trial court relative to the magistrate's decision rather than the magistrate's actions. Second, the trial court did not abuse its discretion in adopting the magistrate's decision. The trial court determined that Morgan did not violate the companionship order during the summer of 2024 because Appellant did not arrange and pay for the minor child's transportation from Mississippi to Ohio, as required. Appellant's argument does not acknowledge this determination, much less challenge it.

{¶4} Therefore, we affirm the judgment of the Trumbull County Court of Common Pleas, Juvenile Division.

## Substantive and Procedural History

{¶5} Appellant and Morgan are the parents of G.M., a minor child who was born in 2009. Appellant and Morgan never married. Morgan is the sole residential parent, subject to Appellant's visitation/companionship schedule.

{¶6} This case has been the subject of two prior appeals. In *In re G.M.*, 2017-Ohio-8144 (11th Dist.), we affirmed the trial court's judgment denying Appellant's motion to reallocate parental rights. *Id*. at ¶ 1. In *In re G.M.*, 2017-Ohio-8145 (11th Dist.), we affirmed the trial court's judgment finding Morgan in contempt for failing to comply with a pending visitation order. *Id*. at ¶ 1.

{¶7} The proceedings underlying the instant appeal began in 2023. Specifically, on April 17, 2023, Morgan filed a notice of intent to relocate herself and G.M. from Ohio to Mississippi.

{¶8}   In response, on May 17, 2023, Appellant filed a motion for the reallocation of parental rights and responsibilities designating himself as the residential parent and a motion to preclude Morgan's relocation pending final disposition.

{¶9}   On May 25, 2023, the trial court granted Appellant's latter motion, and a hearing on the former motion was scheduled for July 2023.

{¶10}  On June 8, 2023, Morgan filed a memorandum in opposition to Appellant's motion to preclude her relocation.

{¶11}  On June 30, 2023, the trial court granted Appellant's motion to continue and rescheduled the hearing for September 2023.

{¶12}  On July 6, 2023, Morgan filed a Civ.R. 60(B) motion for relief from judgment from the trial court's judgment granting Appellant's motion to preclude her relocation.  On the same date, Morgan also filed a motion for an emergency hearing.

{¶13}  On July 25, 2023, the magistrate held a hearing.  On July 27, 2023, the magistrate filed an order permitting Morgan and G.M. to relocate to Mississippi and setting an evidentiary hearing on Appellant's motion for reallocation of parental rights and responsibilities.

{¶14}  On October 30, 2023, the magistrate held an evidentiary hearing.  Prior to the presentation of evidence, the parties reached a mutual agreement.

{¶15}  On November 16, 2023, the trial court filed a judgment entry adopting the magistrate's decision and memorializing the parties' mutual agreement (the "November 2023 entry").  That entry provides, in relevant part:

> That pursuant to the agreement between the parties, [Morgan] and [Appellant], and for the best interest of their daughter, [G.M.], born [xx/xx/2009], the motions now before the court are hereby resolve[d] as follows:

Case No. 2025-T-0064

- That mother, [Morgan], remains as the residential parent and sole legal custodian of [G.M.].
- That father, [Appellant]'s companionship to be set forth in an Agreed Judgment Entry (AJE) to be submitted by the parties and legal counsel prior to 12/01/2023. Said companionship is outlined as follows:

  - Thanksgiving holiday for 2023 and odd-numbered years as more clearly defined in the AJE.

  - Spring Break from school each year, which does not include Easter.

  - Summers with father to have the first six (6) weeks of the summer recess.

That the parties to share transportation with each parent being responsible for the cost to get [G.M.] to their residence. All as more clearly set forth in the AJE to be prepared/filed prior to 12/01/2023.

{¶16} The record indicates that the parties prepared and circulated a proposed agreed judgment entry; however, it was never fully executed or filed with the court.

{¶17} On July 3, 2024, Appellant filed a motion for contempt. Appellant alleged that Morgan violated the November 2023 entry by denying him companionship with G.M. during the Thanksgiving holiday of 2023, spring break of 2024, and summer recess of 2024.

{¶18} The trial court scheduled a hearing for September 2024.

{¶19} On August 12, 2024, Morgan was served with the motion for contempt in Mississippi.

{¶20} On August 22, 2024, Morgan filed a motion to dismiss Appellant's motion for contempt on the grounds that any proceedings regarding G.M. must be filed in Mississippi.

Case No. 2025-T-0064

{¶21} On September 24, 2024, the magistrate held a pretrial hearing and set the matter for an evidentiary hearing in December 2024.

{¶22} On December 18, 2024, the trial court granted Appellant's motion to continue and rescheduled the hearing for March 2025.

{¶23} On January 7, 2025, the trial court granted Morgan's motion for an in-camera interview of G.M.

{¶24} On February 26, 2025, over Morgan's objection, the trial court granted Appellant's second motion to continue and rescheduled the hearing for April 2025.

{¶25} On March 10, 2025, the magistrate conducted an in-camera interview of G.M.

{¶26} On April 23, 2025, the magistrate held an evidentiary hearing where it heard testimony from the parties and G.M.'s adult half-sister.

{¶27} On May 19, 2025, the magistrate filed a decision recommending denial of both Morgan's motion to dismiss and Appellant's motion for contempt. With respect to the motion for contempt, the magistrate found that the parties presented conflicting testimony regarding the companionship with G.M. that Appellant allegedly failed to receive during Thanksgiving of 2023, spring break of 2024, and summer of 2024. With respect to Thanksgiving of 2023, the magistrate found that Appellant received more time than the court's standard guidelines provide for that particular holiday. With respect to spring break of 2024, the magistrate found proof that Appellant had a weeklong visit with G.M. According to the magistrate, "the real issue before the court is the failure of [Appellant] to get his summer 2024 visit."

Case No. 2025-T-0064

{¶28} On the latter issue, the magistrate noted that G.M. claimed to be "afraid" of Appellant and "did not want to come to Ohio for six (6) weeks during the summer of 2024." G.M. also claimed that Morgan "did not stop her from coming to Ohio." The magistrate determined that G.M.'s testimony regarding her alleged fear of Appellant lacked credibility. Instead, the magistrate concluded that G.M. was "a teenage girl [who] wanted to spend her summer with her friends rather than her paternal family in Ohio." In addition, "[Morgan] testified that if [Appellant] had sent a plane ticket to her for the visit[,] she would have sent [G.M.] to Ohio." Appellant testified that he did not know the school schedule in Mississippi; however, Morgan testified that she had sent it to Appellant. The magistrate concluded that "based upon the credibility of the parties' testimony, and for the reasons set forth herein," Morgan did not "willfully" violate the November 2023 entry.

{¶29} On the same date, the trial court filed a judgment entry adopting the magistrate's decision and denied both Morgan's motion to dismiss and Appellant's motion for contempt.

{¶30} After an extension, Appellant filed objections to the magistrate's decision on June 20, 2025.

{¶31} On August 21, 2025, the trial court overruled Appellant's objections to the magistrate's decision.

{¶32} On September 18, 2025, Appellant timely appealed and raises two assignments of error.

Case No. 2025-T-0064

**Assignments of Error and Analysis**

{¶33} Appellant's first assignment of error states: "The Magistrate abused its discretion and committed an error of law in failing to find Mother/Appellee in contempt for violating the trial court's companionship schedule."

{¶34} Appellant's first assignment of error challenges the magistrate's purported errors in recommending denial of Appellant's motion for contempt. However, "appellate courts generally do not directly review a magistrate's actions. Instead, we review the actions of the trial court relative to the magistrate's decision." *Behrens v. Behrens*, 2024-Ohio-1121, ¶ 25 (11th Dist.). Therefore, Appellant's first assignment of error does not present a valid basis for reversal.

{¶35} Appellant's first assignment of error is without merit.

{¶36} Appellant's second assignment of error states: "The trial court abused its discretion and committed an error of law by not granting Father/Appellant's objections to the Magistrate's Decision denying Father/Appellant's motion for contempt."

{¶37} Appellant's second assignment of error involves the trial court's adoption of the magistrate's decision. "[A] trial court's adoption of a magistrate's decision will not be reversed unless the trial court abused its discretion." *Marcellino v. Nicastro*, 2022-Ohio-2736, ¶ 37 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* (8th Ed. 2004). "[A]n abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Carson v. Holmes*, 2010-Ohio-4199, ¶ 23 (11th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.).

Case No. 2025-T-0064

{¶38} The Supreme Court of Ohio has defined "'contempt of court'" as "'disobedience of an order of a court' and '"conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions."'" *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15 (1988), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. "A court may punish disobedience of its order, pursuant to R.C. 2705.02(A) or the court's inherent power to enforce its authority." *State ex rel. Adkins v. Sobb*, 39 Ohio St.3d 34, 35 (1988). "Where the contempt allegation is based on violation of a court order, the order must be clear and definite with respect to the precise conduct constituting disobedience." *Lanza v. Lanza*, 2023-Ohio-3531, ¶ 7 (11th Dist.).[1]

{¶39} Appellant argues that "[a]t a minimum," Morgan violated the November 2023 entry "as it relates to the summer of 2024 companionship." He asserts that Morgan "unequivocally stated" during hearing that she did so. In support, he cites Morgan's following testimony during cross-examination:

> Q. There is no excuse for last summer, you would agree with me? You made a decision not to send your daughter because you told her she didn't have to go, right?
>
> A. Correct.
>
> Q. So, you would agree with me -- well, so you are in violation of this court order at least as it relates to that one issue?
>
> A. Yes, sir.

---

1. The record is unclear as to whether Appellant sought to have Morgan held in civil or criminal contempt, which carry different burdens of proof. *See Liming v. Damos*, 2012-Ohio-4783, ¶ 11-12. Determining that issue, however, is not necessary to decide this appeal.

Case No. 2025-T-0064

{¶40} Appellant's argument misapprehends the legal significance of Morgan's testimony. Whether Morgan's actions constituted a violation of the November 2023 entry was the ultimate issue for the trial court's determination based on all of the evidence. Morgan's above concessions during cross-examination are not dispositive.

{¶41} In addition, Appellant's argument does not fully acknowledge Morgan's testimony during her subsequent redirect examination:

> Q. [Morgan], since you've just been falling on your sword here, I don't know how much I can rehabilitate you, but you never got a plane ticket from [Appellant], right?
>
> A. No.
>
> Q. If he had sent you a plane ticket or at least -- you don't get tickets anymore, we get confirmations -- what would you have done?
>
> A. I would've put her on that plane.

{¶42} As stated, the November 2023 entry provides, in relevant part, that "the parties [shall] share transportation *with each parent being responsible for the cost to get [G.M.] to their residence*." (Emphasis added.) The magistrate's decision explicitly relied on Morgan's transportation testimony in recommending denial of Appellant's motion for contempt. By adopting the magistrate's decision, the trial court effectively determined that Morgan did not violate the November 2023 entry for the summer of 2024 because Appellant did not arrange and pay for G.M.'s transportation to Ohio. Appellant's argument does not acknowledge this determination, much less challenge it. Accordingly, Appellant has not established reversible error.

{¶43} Appellant's second assignment of error is without merit.

Case No. 2025-T-0064

{¶44} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0064

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this Court, Appellant's assignments of error are without merit.  It is the judgment and order of this Court that the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.

Costs to be taxed against Appellant.


_____
JUDGE JOHN J. EKLUND


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0064